## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## Civil Case No. 1:12-cv-00166-MR
## [Criminal Case No. 1:09-cr-00052-MR-1]

| | | |
|---|---|---|
| DARRELL EUGENE BANKS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM OF** |
| | ) | **DECISION AND ORDER** |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**THIS MATTER** comes before the Court on consideration of the Petitioner's Motion to Vacate, Set Aside or Correct Sentence, filed pursuant to 28 U.S.C. § 2255 [Doc. 1], as well as the following motions filed in this civil action:

(1)    Petitioner's motions for immediate release [Docs. 2, 10];

(2)    Petitioner's motion for preservation of evidence [Doc. 3];

(3)    Petitioner's motion for ruling and determination [Doc. 4];

(4)    Petitioner's motion for recusal [Doc. 5];

(5)    Petitioner's motion for placement on emergency session docket and immediate consideration of pending motions and petition [Doc. 6];

(6)     Petitioner's motion for discovery and subpoena of records [Doc. 9];

(7)     Petitioner's motions to amend his § 2255 petition [Docs. 12, 16];

(8)     Petitioner's motion (a) to stay his sentence; (b) for an evidentiary hearing; (c) to dismiss his motion for recusal of officials and subpoena of records; (d) for appointment of counsel; and (e) for oral arguments [Doc. 13]; and

(9)     Petitioner's motion for due process [Doc. 14].

Also before the Court are the following motions filed by Petitioner in the underlying criminal action, Criminal Case No. 1:09-cr00052-MR, many of which are duplicative of the motions filed in the civil habeas action:

(1)     Petitioner's Motion Requesting Recusal of Officials [Criminal Case No. 1:09-cr00052-MR, Doc. 54];

(2)     Petitioner's Motion for Conflict Counsel [Id., Doc. 55];

(3)     Petitioner's Motion for Placement on Emergency Docket and Immediate Consideration of Pending Motions [Id., Doc. 56];

(4)     Petitioner's Motion to Appoint Counsel [Id., Doc. 57];

(5)     Petitioner's Motion to Amend Motion to Appoint Counsel [Id., Doc. 58];

(6)   Petitioner's Motion to Dismiss Counts 4, 5, and 6 of the Indictment and Vacate and Remand Count 7 for Jury Trial [Id., Doc. 60];

(7)   Petitioner's Motion to Amend Sentence [Id., Doc. 63]; and

(8)   Petitioner's Motion for New Trial [Doc. 64].

For the reasons that follow, Petitioner's Section 2255 motion will be denied and dismissed, and the disposition of the remaining motions will be addressed herein.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

### A.   Indictment

On June 2, 2009, the Grand Jury for the Western District indicted Petitioner for the following offenses: (1) armed robbery by force, violence, and intimidation of a sum of money from an employee working within a branch of First Citizens Bank, which is identified as a federally insured bank, in violation of 18 U.S.C. § 2113(a) (Count 1); (2) intentionally assaulting and jeopardizing the life of another person by the use of a dangerous weapon during the commission of the acts alleged in Count 1 (Count 2), in violation of 18 U.S.C. § 2113(d); (3) the possession of a firearm during and in relation to a crime of violence, and in the furtherance of the crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count

3); (4) three counts of possession of a firearm or ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Counts 4, 5, and 6)[1]; and (5) the possession of an unregistered shotgun with a barrel that was less than 18 inches (Count 7). [Criminal Case No. 1:09-cr-00052, Doc. 1: Indictment].

### B. Plea Negotiations and Rule 11 Hearing

On July 27, 2009, Petitioner was appointed counsel and initially entered a plea of not guilty. Later, however, he entered into a written plea agreement with the Government wherein he agreed to plead guilty to Counts 4, 5, 6 and 7 of the Indictment in exchange for the Government's agreement to dismiss Counts 1, 2 and 3. [Id., Doc. 17: Plea Agreement at 12]. In addition, the parties stipulated to the following regarding the application of the sentencing guidelines: Petitioner would have a base offense level of 20 under U.S.S.G. § 2K2.1(a)(4)(B); Petitioner would be subject to a two-level enhancement pursuant to § 2K2.1(b)(1)(A) because he possessed between 3 to 7 firearms during the charged offenses; and Petitioner would be subject to a four-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(6) because Petitioner used or possessed a firearm or

---

[1] The Indictment alleged that Petitioner had two prior felonies under North Carolina law for financial card theft and financial card fraud.

ammunition in connection with the commission of another felony offense. [Id., Plea Agreement at 2-3 ¶ 7(b)].

On October 30, 2009, Petitioner appeared with counsel before U.S. Magistrate Judge Dennis L. Howell for his Plea and Rule 11 hearing. The Court carefully explained the elements of Counts 4, 5, 6 and 7, and the minimum and maximum penalties Petitioner faced upon conviction. Petitioner was informed that he had the right to plead not guilty and proceed to trial where the Government would have the burden of proving each element of the charged offenses before a jury and beyond a reasonable doubt. In addition, Petitioner was informed that he would have the right to put on a defense, including calling witnesses and confronting the Government's witnesses on cross-examination.

The Government summarized key terms of the written plea agreement in open court, including important waiver provisions relating to Petitioner's ability to appeal his criminal judgment or contest it through a collateral proceeding. In particular, the Government noted the plea agreement provided that:

> Defendant, in exchange for the concessions made by the United States in this plea agreement, waives all such rights to contest the conviction except for: (1) claims of ineffective assistance of counsel and/or (2) prosecutorial misconduct.

[Id. ¶ 20].  During the Rule 11 hearing, Petitioner acknowledged under oath that he had discussed his right to appeal with his attorney and that he understood that by pleading guilty he was forfeiting his right to appeal the convictions or sentence or contest the same in a post-conviction proceeding unless on the grounds of prosecutorial misconduct or ineffective assistance of counsel.  [Id., Doc.18: Acceptance and Entry of Guilty Plea ¶ 34; Doc. 46: Rule 11 Tr. at 21].  Finally, Petitioner confirmed that his plea was voluntary and not the result of any coercion, threats, or promises in any way; that he believed he understood how the sentencing guidelines might apply to him; that he had met with his defense attorney and had an opportunity to discuss any possible defenses to the charges; that he was entirely satisfied with the services of his attorney; and that he was in fact guilty of each of the Counts to which he was pleading.

The Court's questions, along with Petitioner's answers to them, were recorded and presented to Petitioner in writing to review. Petitioner reviewed the document in open court and signed it. Thereafter, the Court accepted Petitioner's guilty plea after finding that it was both knowing and voluntary.

### C.    Presentence Report

On February 9, 2010, the U.S. Probation Office filed a draft of a presence report (PSR), to which both the Government and Petitioner filed objections. In the PSR, the probation officer recommended grouping Counts 4 through 7 together for guideline calculation purposes under U.S.S.G. § 3D1.2(d). [Id., Doc. 21: PSR ¶ 24]. The probation officer further recommended: a base offense level of 20 for the violation of § 922(g) and 26 U.S.C. § 5861(d) under U.S.S.G. § 2K2.1(a)(4)(B); a two-level enhancement under § 2K2.1(b)(1)(A) because Petitioner possessed six firearms during the commission of the charged offenses; and a four-level enhancement under § 2K2.1(b)(6) because Petitioner used and possessed the firearms in connection with the felony armed robbery offense charged in Count 1. [Id. at ¶ 27]. Finally, the probation officer recommended applying the following cross-reference:

> **Cross Reference:** The defendant used and possessed a firearm in connection with the armed bank robbery. Pursuant to USSG §2K2.1(c)(1), "If the defendant used and possessed a firearm or ammunition in connection with the commission of another offense ... apply USSG §2X1.1 in respect to that other offense if the resulting offense level is greater than that determined in USSG §2K2.1." The firearm and ammunition were used in connection with the bank robbery in this case. The robbery guideline at USSG §2B3.1 has a base offense level of 20, a two-level increase is applied since the property of a financial institution was taken (USSG §2B3.1(b)(1), a six-level increase (USSG

§2B3.1(b)(2)(B)) is applied since the defendant pointed the firearm at the victim teller, and a one-level increase is applied since the loss ($17,133.00) exceeded $10,000. The adjusted offense level is 29. Pursuant to 2K2.1(c), the robbery guideline is applied since it has a greater offense level (29) than the firearm possession guideline (26).

[Id. ¶ 28]. Applying a three-level reduction for acceptance of responsibility, the probation officer recommended a total offense level of 26.

In its objections to the PSR, the Government argued that Petitioner should receive an additional two-level enhancement for obstructing justice and that his three-level reduction for acceptance of responsibility should be denied due to Petitioner (1) hiding subject firearms during the investigation into his criminal activity; (2) lying to law enforcement during the investigation regarding the source of dye-stained money which the Government contended were proceeds from the armed robbery; (3) disposing of the dye-stained money that was later discovered in Petitioner's home; (4) lying under oath during his Plea and Rule 11 hearing by claiming that he was honorably discharged from the military; and (5) lying to the probation officer during the preparation of his PSR regarding military commendations that he did not actually receive. [Id., Doc. 22 at 2].

In his objections, in pertinent part, Petitioner argued against the application of the cross-reference in paragraph 28 which Petitioner

contended violated the terms of the parties' plea agreement because the parties had not stipulated to its application.

In addressing the Government's objections, the probation officer noted that while Petitioner was untruthful about his military record, he had admitted to the probation officer that he lied in order to impress his friends and family. In the revised PSR, the probation officer therefore recommended that because Petitioner had admitted responsibility for the federal charges, he should receive a two-level reduction under USSG § 3E1.1(a), although the probation officer noted that the Government would not move for the additional one level reduction under § 3E.1.1(b). [Id., Doc. 24: Revised PSR ¶ 34]. The probation officer agreed with the Government's contention that Petitioner should receive a two-level enhancement for obstruction of justice, citing his deceptive behavior in hiding the firearms after the bank robbery, inventing a story about how he came into possession of the dye-stained money, hiding the dye-stained money in his home, and his false statements during his Rule 11 hearing and in the preparation of his PSR. [Id. ¶ 31]. The probation officer recommended that no change should be made in response to Petitioner's objections regarding the cross-reference.

The revised PSR noted that the statutory terms of imprisonment for each of Counts Four, Five, Six and Seven was not more than ten years under 18 U.S.C. § 922(g)(2), and that based on a total offense level of 29 and a criminal history category of II, the Guidelines range for imprisonment was 97 to 121 months' imprisonment.  [Id. ¶¶ 61-62].

### D.    Sentencing Hearing

On July 9, 2010, Petitioner appeared with counsel for his sentencing hearing. The Court reviewed the Rule 11 proceedings and Petitioner acknowledged that he had answered all questions truthfully during the hearing, save for information related to his military experience and education, and that he was in fact guilty as charged of the conduct alleged in Counts 4, 5, 6 and 7. The Court found that based on his sworn answers during the Rule 11 hearing, and his admissions during sentencing, that Petitioner's pleas of guilty were knowingly and voluntarily made, that he understood the potential penalties and consequences of the plea, and the Court noted the stipulations from the Petitioner and the Government that the evidence as set forth in the final PSR was sufficient to support a factual basis for the guilty pleas.  [Id., Doc. 47: Sentencing Tr. at 4-5].  The Court then confirmed the Magistrate Judge's acceptance of Petitioner's guilty

plea as being both knowing and voluntary, and found that the Petitioner was in fact guilty and entered thereon a verdict and judgment of guilty.

The Court then turned to the issue of the parties' objections to the PSR. The Court first addressed the parties' joint recommendation in the plea agreement for the application of a four-level enhancement under USSG § 2K2.1(b)(6), based on Petitioner's use or possession of a firearm or ammunition in connection with the commission of another felony offense. Petitioner's counsel explained that Counts 1, 2 and 3, which were related to the armed robbery, would support the four-level enhancement and that in order to reach the plea agreement with the Government, Petitioner had to accept the enhancement. Counsel specifically objected, however, to the PSR's recommendation that the cross-reference should apply, as that would increase the total offense level to 29, and would run contrary to the parties' written plea agreement. [Id., Sentencing Tr. at 7-8]

The Government agreed that the offense conduct noted in the PSR related to the armed robbery supported the four-level enhancement, and observed that:

> [O]ur explicit negotiations with defense counsel was that although we would not require -- we were aware that the defendant was unwilling, for whatever reason, to plead guilty to bank robbery, or even to affirmatively state, yes, I committed the bank robbery, and our negotiation was simply that,

11

all right, he can plead to the guns as long as he accepts this enhancement because this enhancement will bring him up to an area that is commensurate with the sentence he would have received on the bank robbery anyway. And he doesn't have to stand up and say, yes, I committed the bank robbery, *but he has to stipulate to facts sufficient for this Court to find that he committed the bank robbery.*

[Id. at 9-10] (emphasis added). The Government also noted that the cross-reference was not contained in the plea agreement due to an oversight. Nevertheless, the Government renewed its intention to be bound by the express terms of the plea agreement and maintained that the Petitioner should receive the benefit of the omission of the cross-reference. [Id. at 10-12].

The parties strongly disagreed on the issue of whether the Government's proffer of evidence during the hearing would violate the terms of the plea agreement if that evidence was offered for the Court's consideration the application of the cross reference. The Government noted that the terms of the plea agreement relating to the § 2K2.1(b)(6) enhancement would necessarily allow the Government to offer evidence on whether that application was appropriate. [Id. at 13]. Petitioner's counsel vigorously objected to this position and contended any proffer of additional evidence, beyond that which the parties agreed would be presented in

connection with the preparation of the PSR, would violate the terms of the plea agreement because the Government would be offering evidence relevant to the cross-reference. [Id. at 14]. The Government responded by noting that the parties agreed to the following in the plea agreement: "The United States will inform the court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, concerning the defendant and the defendant's background." [Id. at 14-15; Doc. 17: Plea Agreement at 3-4 ¶ 7(k)].

The Court determined that the Government should present any evidence which it deemed relevant to the § 2K2.1(b)(6) enhancement and specifically asked that it refrain from presenting any evidence in support of a finding that the cross-reference might apply to increase Petitioner's guideline range. [Id., Sentencing Tr. at 16]. Petitioner's objection to this procedure was noted, and the Court reiterated that the evidence presented by the Government should be limited to support of the parties' joint recommendation for the four-level enhancement under § 2K2.1(b)(6).[2]

---

[2] After hearing from the Government, the Court addressed Petitioner's counsel and confirmed that even though Petitioner may believe the Government breached the plea agreement by this proffer of evidence, that the Petitioner was nevertheless reaffirming his intention to be bound by the plea agreement and that he did not want to withdraw his guilty plea based upon any such breach. [Id. at 23-24].

In its presentation, the Government recounted, among other things, the suspicious activity of the Petitioner as noted in the PSR, including his possession of dye-stained money, and his implausible explanation as to how he supposedly came into possession of that money.[3] In addition, the Government offered two pictures for admission into evidence. The first picture, taken two weeks before the robbery, showed Petitioner wearing a distinctive Carharrt® jacket. The second picture was recovered from images recorded by the surveillance camera of the First Citizens Bank on the day of the robbery, depicting an individual wearing a Carharrt® jacket that appeared identical to the one Petitioner was wearing in the first picture. The size and build of the man shown in the surveillance photos matched the Petitioner. The Government argued that it appeared very likely that Petitioner was shown in both pictures.

After considering this evidence, the Court found that Petitioner's explanation regarding the origin of the money was not credible, based, in part, on his willingness to make false statements under oath during his Rule 11 hearing. The Court also noted the great similarity between jacket Petitioner was known to be wearing and the jacket the individual in the

---

[3] Petitioner contended that a roofer named Steve provided him with the money in connection with a transaction for construction materials and that the dye came from chalk line dust.

surveillance photo was wearing. Based on these findings and after hearing from the probation officer, the Court overruled Petitioner's objection to the application of the cross-reference as recommended in paragraph 28 of the PSR, and found that the cross-reference for use of the firearm during the armed robbery should apply. See USSG § 2K2.1(c)(1). [Id., Sentencing Tr. 21-25].

Petitioner's final two objections involved the obstruction enhancement, which was recommended by both the Government and the probation officer, and whether two points should be deducted for acceptance of responsibility. Specifically, Petitioner contended that the terms of the plea agreement would not permit the Government to move for an enhancement for obstruction or to oppose a reduction for acceptance of responsibility. The Court rejected Petitioner's argument that the plea agreement contained any provisions, implied or otherwise, which would prevent the Government from raising issues regarding obstruction or acceptance. The Court then overruled Petitioner's arguments regarding enhancement for obstruction of justice finding that the enhancement was supported by his effort to hide the guns after he suspected he was being investigated for the armed robbery, his implausible story and his actions

related to the dye-stained money, and his conduct in lying in his Rule 11 hearing and to the probation officer.

As to the issue of acceptance of responsibility, the Court noted the Petitioner's objection that the Government appeared to contend in presentence filings that Petitioner was not entitled to any point reduction for acceptance of responsibility. [Id., Sentencing Tr. at 39-40]. The Government clarified that he should be entitled to some relief because he had pled guilty to Counts 4, 5, 6 and 7.[4] The Government continued to argue, however, that Petitioner's false statements regarding his military service were new law violations warranted a denial of a three-point deduction. The Court found that Petitioner had accepted full responsibility for his offense conduct and that the false statements made during the Rule 11 hearing, while decidedly bad, should not preclude the two point reduction for acceptance of responsibility. [Id. at 45-46]. In light of this ruling, the Government then moved for an additional one point reduction under U.S.S.G. § 3E1.1(b).  Based on this stipulation, the Court found the three point deduction should apply.

---

[4] The Government filed an objection to a reduction for acceptance of responsibility based on its perception that Petitioner had now proclaimed his innocence in objecting to portions of the PSR.  As noted above, the Government modified this position.

The Court therefore calculated the total offense level to be 28, which with a criminal history category of II, resulted in a Guidelines range of 87 to 108 months' imprisonment. Petitioner's counsel objected to this calculation and moved for the Court to impose what she contended was a sentence that represented the terms of the plea agreement, namely, a guideline range of 51 to 63 months based on an adjusted total offense level of 23 and a criminal history category of II. The Government noted the parties had agreed that a sentence at the top of the applicable guideline range was appropriate. [Id. at 51; Doc. 17: Plea Agreement at 2 ¶ 7(g)].

Following Petitioner's allocution, the Court addressed the relevant § 3553(a) factors. First, the Court noted the serious nature of Petitioner's conduct, including his use of a firearm in conjunction with and during the commission of another felony. The Court further found that Petitioner's virtually unbroken pattern of dishonesty prior to his arrest and during his Rule 11 hearing and before the probation officer supported a higher sentence in order to promote respect for the law. Based on the foregoing the Court found that the particular facts in Petitioner's case demanded a sentence at the upper end of the guideline range. Petitioner was then sentenced to 108 months on Counts 4, 5, 6 and 7, with all terms to run

concurrently.  [Id., Doc. 35: Judgment in a Criminal Case]. Petitioner noted an appeal to the United States Court of Appeals for the Fourth Circuit.

### E.    Direct Appeal

On appeal, Petitioner argued two issues: ineffective assistance of counsel and breach of the plea agreement by the Government. In the first claim, Petitioner contended that his trial counsel failed to give adequate consideration to the possibility of the cross-reference under U.S.S.G. § 2K2.1(c)(1) when negotiating his plea agreement.  Petitioner argued that if he had been aware that the cross-reference might apply, then he would have insisted on pleading not guilty. The Court noted that, ordinarily, claims of ineffective assistance of counsel are more properly raised in a collateral proceeding in order that an adequate record may be presented to the district court. The Court noted, however, that an ineffective assistance claim is cognizable on direct appeal "if the record conclusively establishes ineffective assistance." United States v. Banks, 442 F. App'x 759, 761-62 (4th Cir. 2011) (citing United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999) (internal citation omitted). The Court concluded that "the record does not conclusively establish ineffective assistance of counsel. [Petitioner's] claim that he would have pled not guilty is belied by the record. At the start of his sentencing hearing, after the PSR issued

recommending imposition of the cross-reference, [Petitioner] confirmed to the district court that he still wished to plead guilty." Banks, supra, at 762. Accordingly, this claim was rejected.

The Court further rejected Petitioner's claim regarding the Government's alleged breach of the plea agreement. First, the Court noted that "[b]ecause of 'constitutional and supervisory concerns,' the government is held to a greater degree of responsibility than the defendant for imprecision or ambiguities in plea agreements." Id. (quoting United States v. Garcia, 956 F.2d 41, 44 (4th Cir. 1992)). The Court found that the Government presented the information that the parties agreed would be submitted in preparation of the PSR and for sentencing. In addition, the Court found that the Government maintained throughout the sentencing hearing that it would be bound by the recommendations in the plea agreement. "Finally, and perhaps most importantly, [Petitioner] stipulated that he would be subject to the § 2K2.1(b)(6) enhancement for using a firearm in conjunction with another felony, i.e., the bank robbery. Although he continued to remain silent with respect to the bank robbery charges, he nevertheless agreed to submit to a sentencing enhancement pertaining to those charges." Id. In sum, the Court concluded that the Government did not err in submitting the evidence, which the parties had agreed would be

considered by the Court in determining the applicability of § 2K2.1(b)(6), and "[t]he fact that the evidence also, as a matter of law, supported application of the cross-reference is of no moment." Id. Petitioner's judgment was affirmed in all respects and he did not file a petition with the Supreme Court.

## F. The Motion to Vacate

On July 2, 2012, the Petitioner filed a timely motion to vacate pursuant to 28 U.S.C. § 2255. [Doc. 1]. He later filed two motions to amend his petition. [Docs. 12, 16].

In his original petition, Petitioner first contends that he is actually innocent of his convictions on Counts 4, 5, and 6 of being a felon-in-possession of a firearm or ammunition, in violation of 18 U.S.C. § 922(g). Petitioner argues that pursuant to current Fourth Circuit precedent, see United States v. Simmons, 649 F.3d 247 (4th Cir. 2011) (en banc), his prior North Carolina convictions for financial card fraud and financial card theft are no longer deemed to be felonies. Petitioner therefore argues that he is entitled to have these convictions vacated. [Doc. 1 at 4; Doc. No. 1-2 at 10-11]. In his second ground for relief, Petitioner contends that there was insufficient evidence to sustain his conviction on Count 7 for possession of an illegal, short-barreled shotgun, in violation of 26 U.S.C. §§ 5861(d) and

5845. [Id., Doc. 1 at 5]. In his third ground for relief, Petitioner raises various claims of ineffective assistance of counsel surrounding his decision to enter guilty pleas in his case. [Id., Doc. No. 1 at 7]. Through his fourth ground for relief, Petitioner again raises claims of prosecutorial misconduct relating to his decision to plead guilty and breaches of the plea agreement. [Id., Doc. No. 1 at 8].

## II.    STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.    DISCUSSION

### A.    Ground One (Actual Innocence – Counts 4, 5 and 6)

In his first claim for relief, Petitioner contends that he is actually innocent of the § 922(g) felon-in-possession convictions because they were based on underlying North Carolina convictions that are no longer

considered felonies for purpose of federal sentencing. "What constitutes a conviction [of a crime punishable by imprisonment for a term exceeding one year] shall be determined in accordance with the law of the jurisdiction where the proceedings were held." See Miller v. United States, __ F.3d __, 2013 WL 4441547, at *3 (4th Cir. Aug. 21, 2013) (quoting 18 U.S.C. § 921(a)(20)).

In his indictment, Petitioner was charged with three counts of having violated § 922(g) based on two prior convictions sustained in Buncombe County, North Carolina in 1995 for financial card theft and financial card fraud. [Criminal Case No. 1:09-cr-00052, Doc. 1: Indictment]. These 1995 convictions were consolidated for sentencing, and Petitioner received a suspended term of 4-5 months' imprisonment. [Id., Doc. 24: PSR ¶ 38]. Petitioner argues that these are not sufficient predicate offenses to support a §922(g)(1) conviction, citing Simmons.

In Simmons the Court of Appeals held that a prior North Carolina conviction for which the individual defendant being sentenced could not have received a term of imprisonment in excess of one year under North Carolina's Structured Sentencing Act was not a felony for purposes of federal law. See Miller, 2013 WL 4441547, at *3 (citing Simmons, 649 F.3d at 243). Petitioner argues that Simmons should be applied retroactively to

his case, thereby making him actually innocent of being a *felon* in possession of a firearm.

Even assuming that <u>Simmons</u> should apply retroactively to Petitioner's convictions, there is a serious flaw in Petitioner's argument. Petitioner entered into a plea agreement with the Government wherein he pled guilty to the § 922(g) charges in return for the Government dismissing the other charges. The Supreme Court has explained that "where the Government has foregone more serious charges in the course of plea bargaining, *petitioner's showing of actual innocence must also extend to those charges*." <u>United States v. Bousley</u>, 523 U.S. 614, 624 (1998) (emphasis added); <u>see also</u> <u>United States v. Apker</u>, 241 F.3d 1060, 1062 (8th Cir. 2001) (noting that under <u>Bousley</u>, in addition to showing actual innocence of the challenged conviction, a petitioner "must show actual innocence of any other dismissed charges if those dismissed charges were more serious.").

The counts the Government dismissed were bank robbery (Count 1), using a dangerous weapon in the commission of a bank robbery (Count 2), and using a firearm in relation to a crime of violence (Count 3). In the plea agreement the Petitioner agreed to jointly recommend that he receive a four-level enhancement under U.S.S.G. § 2K2.1(b)(6) based on his use of

the firearm during the commission of a felony offense. No argument was even offered that the felony offense was something other than the bank robbery at issue in Counts 1, 2 and 3. Moreover, since Petitioner objected to the application of the cross reference of USSG §2X1.1, at the sentencing hearing the Court was directly faced with making a factual determination as to whether the Petitioner had used the firearm at issue in the commission of the particular bank robbery charged in those dismissed Counts of the Indictment. The Court heard evidence and took into account portions of the PSR to which the Petitioner had not objected. The Court specifically found, based on this evidence, that Petitioner had been in possession of the currency stolen from the bank; that Petitioner's explanation of how he came into possession of that currency was implausible, and that photographs of the Petitioner show him wearing the same distinctive jacket and gloves worn by the bank robber during the robbery as seen on the bank's surveillance photos. Based thereon the Court specifically found that Petitioner had committed the bank robbery at issue in the Indictment and had used the firearm in question in the commission thereof.

In order to obtain relief based on actual innocence the Petitioner has the burden under Bousley to demonstrate the he is actually innocent of the charges related to the bank robbery as well as the § 922(g) counts. Counts

1, 2 and 3 may have been dismissed, but in determining the sentence the Court found that Petitioner had, in fact, committed the offenses alleged in those counts. That determination was left undisturbed on appeal and is binding on the Petitioner. See United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993). Petitioner has presented nothing that would show otherwise. In fact, he has not even made any factual allegations that would indicate he is innocent of the robbery. As such, Petitioner has failed to meet his burden under Bousley, and his claim of actual innocence must be denied and dismissed.[5]

### B.   Ground Two (Actual Innocence – Count 7)

Petitioner here challenges the validity of his conviction on Count 7 of the Indictment, which charged that Petitioner knowingly possessed a Mossberg model 500AT, 12 gauge shot gun with a barrel less than 18 inches in length and that was not registered to him in the National Firearms Registration and Transfer Record, in violation of 26 U.S.C. §§ 5861(d) and 5845. [Criminal Case No. 1:09-cr-00052, Doc. 1: Indictment].

As noted herein, Petitioner appeared before the Magistrate Judge with counsel for his Rule 11 hearing and was placed under oath. The

---

[5] It should also be noted that Petitioner's actual innocence argument does not extend to Count 7, to which Petitioner also pled guilty, and for which he received a concurrent sentence of the same length as that for the three § 922(g) charges. As such, even if Petitioner were to prevail on this claim, it would avail him nothing.

elements of Count 7 were carefully explained to Petitioner as follows: (1) that Petitioner received or possessed a 12-gauge shotgun, with said shotgun having a barrel of less than 18 inches; (2) that the 12-gauge shotgun was not registered to Petitioner as required in the National Firearms Registration and Transfer Record; and (3) that Petitioner possessed the firearm knowingly, willfully, intentionally, and unlawfully. Next, the Court read directly from the relevant statute and Petitioner acknowledged that he understood each element of Count 7 as the elements had just been explained to him, and then he admitted under oath that he was in fact guilty as charged in Count 7. [See Criminal Case No. 1:09-cr-00052, Doc. 46: Rule 11 Tr. 11-13].

Petitioner's self-serving proclamations of innocence in this collateral proceeding, which seek for the first time to cast doubt on the validity of his guilty plea and concomitant conviction for Count 7, must be rejected. Simply put, Petitioner's sworn statement's during his Rule 11 plea colloquy, his signature on the Rule 11 Acceptance and Entry of Guilty Plea, his signature on his plea agreement, and his statements before this Court, which affirmed his guilt, clearly belie his late protestation of innocence. See United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005) ("Thus, in the absence extraordinary circumstances, the truth of sworn statements

made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements. Otherwise, a primary virtue of Rule 11 colloquies would be eliminated . . .") (citing <u>Blackledge v. Allison</u>, 431 U.S. 63, 79 n.19 (1977)).

For these reasons, Petitioner's claims regarding Count 7 must be denied and dismissed.

### C. Ground Three (Ineffective Assistance of Counsel)

In Ground Three, Petitioner raises various claims of ineffective assistance of counsel. In order to prevail on these claims of ineffective assistance of counsel, Petitioner must show that: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "the deficient performance prejudiced the defense." <u>Strickland v. Washington</u>, 466 U.S. 668, 687-88, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). In measuring counsel's performance, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." <u>Id.</u> at 689, 104 S.Ct. 2052. A petitioner seeking post-conviction relief bears a "heavy burden" to overcome this presumption. <u>Carpenter v. United States</u>, 720 F.2d 546, 548 (8th Cir. 1983). Conclusory allegations do not overcome the presumption of competency. <u>Id.</u>

To demonstrate prejudice in the context of a guilty plea, Petitioner must still satisfy the standard set forth in <u>Strickland</u>. In regard to the second prong, Petitioner must demonstrate that he was prejudiced by ineffective assistance of counsel by showing "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." <u>Hill v. Lockhart</u>, 474 U.S. 52, 59 (1985).

Petitioner first contends that his trial counsel failed to inform him of the possibility of the application of the cross-reference. The Fourth Circuit considered and rejected this argument on appeal after noting that Petitioner's assertion of ineffective assistance of counsel was belied by his express statements at sentencing that he did not wish to withdraw his guilty pleas or set aside the plea agreement. <u>Banks</u>, 442 F. App'x at 761-62. Thus, Petitioner is precluded from raising this argument again in a collateral proceeding. <u>See</u> <u>United States v. Bell</u>, 5 F.3d 64, 66 (4th Cir. 1993) (holding that the law of the case doctrine "forecloses relitigation of issues expressly or impliedly decided by the appellate court."). Moreover, the Court finds that Petitioner has failed to articulate any basis during this proceeding which should demand a different outcome regarding his cross-reference argument. Indeed, in the plea agreement and statements during his Rule 11 hearing, Petitioner expressly confirmed that he understood how the

guidelines might apply to his sentence. [See Criminal Case No. 1:09-cr-00052, Doc. 17: Plea Agreement ¶ 6 (providing that the Court will consult the guidelines and that any estimation of a sentence from any source is only advisory)]. For the foregoing reasons, this argument must be denied.

Petitioner next contends that his counsel was ineffective by urging him to plead guilty "to the guns even though I was innocent." Again, in his sworn statements Petitioner admitted his guilt to each of the gun charges alleged in his Indictment and he confirmed that no one had coerced him, threatened him or otherwise forced him to plead guilty. In addition, at the time Petitioner pled guilty, the controlling precedent in this Circuit held that Petitioner was in fact a prior two-time felon based on his North Carolina convictions for financial card fraud and financial card theft. See Kornahrens v. Evatt, 66 F.3d 1350, 1360 (4th Cir. 1995) ("Nevertheless, the case law is clear that an attorney's assistance is not rendered ineffective because he failed to anticipate a new rule of law.") (citing Honeycutt v. Mahoney, 698 F.2d 213, 217 (4th Cir. 1983) (internal citations omitted). Accordingly, Petitioner has failed to demonstrate that his counsel was deficient for

correctly advising him of then-existing precedent during plea negotiations.[6] This argument is therefore overruled.

Petitioner raises two final arguments regarding both the voluntary and knowing nature of his guilty pleas. First, Petitioner contends that his trial counsel failed to inform him of defenses he might have been able to present to challenge the charges. Notwithstanding his present contention, Petitioner stated unequivocally in his Rule 11 hearing that counsel had in fact discussed any possible defenses to the charges, and that he was satisfied with her representation. Therefore, this argument must be rejected.

Second, Petitioner contends that trial counsel informed him that he did not have the option of pleading not guilty and proceeding to trial. Petitioner's sworn statements during his Rule 11 hearing that he understood his rights to plead not guilty and to proceed to trial doom this claim. Moreover, even if counsel had made such an assertion, Petitioner was ably advised during his Rule 11 hearing of his right to plead not guilty and contest the charges at trial. See United States v. Lambey, 974 F.2d 1389, 1395 (4th Cir. 1992) (en banc) ("[I]f the information given by the court

---

[6] Petitioner has also not articulated any prejudice. If counsel had persuaded the Government to dismiss the §922(g) counts, Petitioner would still have been facing Counts 1, 2, 3 and 7. In light of the potential for a mandatory consecutive sentence for Count 3, Petitioner may well have been *worse* off if counsel had anticipated the change in the law set forth in Simmons.

at the Rule 11 hearing corrects or clarifies the earlier [allegedly] erroneous information given by the defendant's attorney and the defendant admits to understanding the court's advice, the criminal justice system must be able to rely on the subsequent dialogue between the court and defendant."). This argument will therefore be denied.

### D.    Ground Four (Prosecutorial Misconduct)

In order to establish a claim for prosecutorial misconduct, a petitioner must show (1) that the Government's conduct was improper; and (2) that the conduct prejudiced his substantial rights such that petitioner was deprived of a fair proceeding. See United States v. Golding, 168 F.3d 700, 702 (4th Cir. 1999).

Petitioner first contends that the "Prosecutor committed misconduct in that he made 4 known charges that did not meet Federal definitions and he was privileged to that information."  [Doc. 1 at 8].  Other than this bare allegation, Petitioner fails to alert this Court as to what charges he is referring or how they did not meet "Federal definitions." This argument is baseless and it will be denied.

Petitioner next argues that the prosecutor made "false claims to the Court to further degrade the status of the Defendant with no proof or merit." [Doc. 1 at 8]. Petitioner does not provide the Court with any indication of

what these "false claims" are and a search of the record fails to uncover any such devious action. This argument will be denied.

Petitioner further accuses the prosecutor of employing deceptive tactics and making verbal promises that he did not intend to keep and further that the prosecutor made blatantly false statements thereby "forcing Defendant to surrender his rights and plea to offenses the Assistant United States Attorney knew him to be innocent of." [Id.]. Aside from being wholly conclusory, Petitioner presents nothing to support such statements. These types of allegations are simply not accepted at face value. Moreover, Petitioner's present unsupported contentions are directly contradicted by his sworn statements that no one had coerced him into pleading guilty or promised him anything in return for pleading guilty, other than what is set out in his plea agreement. He acknowledged that his assent to the plea agreement and his plea were voluntary. For these reasons, this argument must be rejected.

### E. Motions to Amend

Petitioner filed two motions to amend his Section 2255 motion. In his first motion to amend, Petitioner again raises a claim for relief under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), and a claim based on the Supreme Court's recent in opinion in Alleyne v. United States, 133 S. Ct.

2151 (2013). [Doc. 12]. In his second motion to amend, Petitioner seeks to add allegations of ineffective assistance regarding the performance of his appellate counsel. [Doc. 16].

In order to determine whether these amendments should be allowed, the Court must first determine whether they would be futile due to their being untimely. The first motion to amend was docketed on August 5, 2013. Petitioner's criminal judgment became final on or about November 9, 2011, which is 90 days following the filing of the Fourth Circuit's opinion denying relief in his direct appeal, because he Petitioner did not file a petition for a writ of certiorari with the Supreme Court. See Clay v. United States, 537 U.S. 522, 532 (2003) (holding that when a federal criminal defendant does not file a petition for certiorari with the Supreme Court on direct review, Section 2255's one-year limitation period begins to run when the time for seeking such review expires).

The amendment of § 2255 pleadings is governed by Rule 15 of the Federal Rules of Civil Procedure. See United States v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000). Rule 15(a) provides that a party may amend his pleading once as a matter of course within 21 days of service, or within 21 days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1)(A) and

(B). In all other instances, a party seeking leave to amend must obtain leave of court. Fed. R. Civ. P. 15(a)(2).

Though Petitioner's original § 2255 petition was timely filed, both motions to amend were filed more than one year after Petitioner's judgment became final. <u>See</u> § 2255(f).[7] An otherwise untimely amendment, however, may relate back to the date of the original Section 2255 motion if the newly asserted claim "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R. Civ. P. 15(c)(2). In order for the Court to find that an otherwise untimely claim relates back, the proposed amended claim must arise from the "same core facts," and the claim may not be dependent on events that are separate both in time and in substance from the facts upon which the original claims depended. <u>See</u> <u>Mayle v. Felix</u>, 545 U.S. 644, 655-57 (2005). Petitioner's motion to amend to assert additional arguments in support of his <u>Simmons</u> claim relates back to his original § 2255 motion, and this portion of his first motion to amend should be allowed. As stated above,

_____

[7] Under 28 U.S.C. § 2255(f)(1), a habeas petition must be filed within one year of the date the judgment becomes final. It appears from the record that Petitioner's § 2255 motion must have been filed on or before November 9, 2012. Petitioner does not state the date on which he delivered the motion to prison authorities for mailing, but the motion is dated July 27, 2013, and the envelope containing Petitioner's motion to amend contains a notation that it was processed by the correctional institution on July 30, 2013. [Doc. 12 at 6-8]. <u>See</u> <u>Houston v. Lack</u>, 487 U.S. 266, 276 (1988).

however, Petitioner's argument under <u>Simmons</u> is irrelevant because Petitioner is unable to overcome the threshold set out in <u>Bousley</u>. Therefore, even though the amendment is allowed, Petitioner is entitled to no relief thereon for the reasons previously articulated.

The Court next turns to the second part of Petitioner's first motion to amend. Petitioner contends that the motion to include a claim for relief based on the Supreme Court's decision in <u>Alleyne v. United States</u> is timely under § 2255(f)(3) because the Supreme Court recognized a new right that has been made retroactively applicable to cases on collateral review. [Doc. 12 at 2]. In <u>Alleyne</u>, the Court overruled its decision in <u>Harris v. United States</u>, 536 U.S. 545 (2002), and held that any fact that increases a mandatory minimum sentence must either by admitted by the defendant or found by the jury beyond a reasonable doubt. The many courts that have considered the retroactive nature of <u>Alleyne</u> have concluded that it is not retroactive. <u>See, e.g.</u>, <u>Simpson v. United States</u>, 721 F.3d 875, 876 (7th Cir. 2013) (finding that "<u>Alleyne</u> is an extension of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). Justices have decided that other rules based on <u>Apprendi</u> do not apply retroactively to cases on collateral review.") (internal citations omitted); <u>United States v. Condra</u>, 2013 WL 4678165, at *2 n.4 (W.D. Va. Aug. 30, 2013) (citing <u>Simpson</u>, <u>supra</u>, and noting that the

Supreme Court made no declaration that its decision in Alleyne was to apply retroactively to cases on collateral review.). On this basis alone the Court would determine that Petitioner's first motion to amend on this ground should be denied.

More importantly, however, this argument is a red herring. *None of Petitioner's counts of conviction carry a mandatory minimum sentence*. [See Doc. 33 at 1]. Alleyne is completely inapplicable to this circumstances presented here, regardless of when the claim was first made. For these reasons this motion to amend will be denied.

In his second motion to amend, Petitioner blankly states that his appellate counsel provided ineffective assistance of counsel but he offers no discernible argument as to what actions were ineffective or how he was prejudiced by such unidentified actions. As Petitioner has plainly failed to carry his burden under Strickland, this motion will be denied. Moreoever, the actions of appellate counsel clearly do not arise from the same core of facts as Petitioner's previous claims. Therefore, this amendment is futile because it is untimely. For these reasons Petitioner's second motion to amend must be denied.

### F. Motion for Recusal

Petitioner seeks the recusal of the undersigned, the Magistrate Judge who accepted Petitioner's guilty plea, the Federal Defenders, the United States Attorney's Office, the United States Probation Office, and any other person or entity who "participated in the illegal indictment, prosecution, conviction or sentencing of Movant." [Doc. 5 at 2]. Having failed to establish the illegality of his conviction or sentence, and having failed to demonstrate any bias or prejudice on the part of the Court or any other participant or agency involved in the prosecution of Petitioner, the motion for recusal is denied.

## IV. CONCLUSION

Based on the foregoing, the Court finds that Petitioner's § 2255 motion, as amended, is without merit and it will be denied and dismissed. In light of the denial and dismissal of Petitioner's § 2255 motion on the merits, his remaining motions [Docs. 2, 3, 4, 5, 6, 9, 10] are also denied as moot. Furthermore, for the reasons stated herein, the motions filed by Petitioner in the underlying Criminal Case No. 1:09-cr-00052-MR [Docs. 54, 55, 56, 57, 58, 60, 63, 64] are also denied.

Further, pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner

has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

## O R D E R

**IT IS, THEREFORE, ORDERED** that:

1.    Petitioner's motions for immediate release [Docs. 2, 10] are **DENIED**;

2.    Petitioner's motion for preservation of evidence [Doc. 3] is **DENIED**;

3.    Petitioner's motions to expedite the resolution of this matter [Docs. 4, 6] are **DENIED** as moot;

4.    Petitioner's motion for request for recusal [Doc. 5] is **DENIED**;

5.    Petitioner's motion for discovery and subpoena [Doc. 9] is **DENIED**;

6.    Petitioner's first motion to amend [Doc. 12] is **GRANTED IN PART** and **DENIED IN PART**;

7.    Petitioner's omnibus motion [Doc. 13] is **DENIED**;

8.    Petitioner's motion for due process as to his claims for relief [Doc. 14] is **DENIED**;

9.    Petitioner's second motion to amend [Doc. 16] is **DENIED**;

10.   Petitioner's motion to vacate, set aside or correct sentence [Doc. 1], as amended [Doc. 12], is **DENIED** and **DISMISSED**;

11.   Petitioner's Motion Requesting Recusal of Officials [Criminal Case No. 1:09-cr00052-MR, Doc. 54] is **DENIED**;

12.   Petitioner's Motion for Conflict Counsel [Id., Doc. 55] is **DENIED**;

13.   Petitioner's Motion for Placement on Emergency Docket and Immediate Consideration of Pending Motions [Id., Doc. 56] is **DENIED**;

14.   Petitioner's Motion to Appoint Counsel [Id., Doc. 57], is **DENIED**;

15.   Petitioner's Motion to Amend Motion to Appoint Counsel [Id., Doc. 58] is **DENIED**;

16. Petitioner's Motion to Dismiss Counts 4, 5, and 6 of the Indictment and Vacate and Remand Count 7 for Jury Trial [Id., Doc. 60] is **DENIED**;

17. Petitioner's Motion to Amend Sentence [Id., Doc. 63] is **DENIED**; and

18. Petitioner's Motion for New Trial [Doc. 64] is **DENIED**.


**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**   Signed: January 4, 2014

Martin Reidinger
United States District Judge